IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA
                                                  *

      v.                                                   Case No.   ELH-19-0286

                                                   *

DANIEL BLUE
                                                 *

## MEMORANDUM AND ORDER

Currently pending are Defendant's Motion for Review of Detention by Agreement (ECF No. 404) ("Motion") and the Government's Response in Opposition to Defendant's Appeal of Detention Order (ECF No. 410) ("Opposition").[1]  For the reasons stated below, the Motion (ECF No. 404) is denied.

A detention hearing was held in this case on July 8, 2019.  After both parties were fully heard, I detailed my reasons for issuing a detention order on the record at the hearing.  I issued an Order of Detention summarizing those reasons (ECF No. 193). Pursuant to 18 U.S.C. § 3142(f), a detention hearing may be reopened if the "judicial officer finds that information exists that was not known to the movant at the time of the [detention] hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community."

---

[1] The Motion is inaccurately titled as a review of detention by agreement given that the defendant had previously had a detention hearing.  Similarly, the title of the Opposition and well as the argument contained therein incorrectly addresses the issue before the court as an opposition to defendant's appeal in that the defendant is not appealing the detention order, but rather seeking a new detention hearing.  Thus, the court will consider the instant Motion as seeking a reopening of the detention hearing previously conducted by the undersigned.

Defendant's Motion does not present any new or additional facts that have a material bearing on the issue of detention.  The information offered by the defendant regarding this case and his background was known to the court at the time of the initial detention hearing.  Specifically, the court was aware of the facts of this case, the nature of the charges (narcotics and firearms), the defendant's role in the offense, the evidence against him, and the defendant's prior criminal history, including his prior federal conviction for a similar offense and his prior Violation of Supervised Release.  When the court ordered detention, it was only after consideration of all relevant options.

The only new information provided by the defendant in his Motion is his boilerplate statement that he "is concerned of the potential impacts of the current health crisis and the impact it could have at the jail."  (ECF No. 404 at 2).  While the court acknowledges defendant's concern, the defendant has not offered any specific facts or arguments supporting his claim, thus preventing the court from conducting the requisite individualized determination required by the Bail Reform Act.   The court notes the several recent cases decided by this court where the defendants made particularized arguments and the court denied motions for release. See United States v. Martin, PWG-19-140 (D. Md.) (ECF No. 209) (Order by Judge Grimm); United States v. Bilbrough, TDC-20-33 (D. Md.) (ECF No. 76); (Order by Magistrate Judge Sullivan); United States v. Parker, TDC-18-344 (D. Md.) (ECF No. 478) (Order by Magistrate Judge Simms); United States v. Jefferson, CCB-19-487 (D. Md.) (ECF No. 25) (Order by Judge Blake); United States v. Williams, PWG-13-544 (D. Md.) (ECF No. 94) (Order by Magistrate Judge Day).

In conclusion, defendant has not presented any new information that has a material bearing on the issue of detention that would warrant the reopening of the detention hearing or that  would cause me to reconsider my Order of Detention in accordance with 18 U.S.C. § 3142(f).

Accordingly, Defendant's Motion (ECF No. 404) is denied.

Date: March 31, 2020          _____/s/_____
Beth P. Gesner
Chief United States Magistrate Judge