**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

**UNITED STATES OF AMERICA**      *

**V.**                             *        **CRIMINAL NO. ELH-19-0286**

**DANIEL BLUE**                    *

**MEMORANDUM AND ORDER**

Currently pending is Defendant's Motion for Release on Electronic Monitoring ("Motion") (ECF No. 870). The defendant's current motion is, in essence, his third motion to set conditions of release. The previous motions were made on: (1) March 23, 2020 (ECF No. 404) and (2) August 19, 2020 (ECF No. 660, appeal of denial). The previous motions were denied in the following orders: (1) March 31, 2020 (ECF No. 413) and (2) October 9, 2020 (ECF Nos. 770 and 771, memorandum and order denying appeal). The undersigned has assessed the factors pertinent to the decision of whether release conditions are appropriate in this case, and has determined that detention is appropriate. Like the prior motions, the pending Motion offers no basis for reconsideration of the detention order in this case and, accordingly, the Motion (ECF No. 870) is denied.

A detention hearing was held in this case on July 8, 2019 and the court entered an Order of Detention (ECF No. 193). After both parties were fully heard, the undersigned detailed the reasons for issuing a detention order on the record at the hearing and issued an Order of Detention summarizing those reasons (ECF No. 193). As noted above, the defendant has previously asked the undersigned to reconsider his detention and that request was been denied. (ECF No. 404). On October 9, 2020, Judge Hollander denied defendant's appeal from that decision. (ECF Nos. 770 and 771).

1

Pursuant to 18 U.S.C. § 3142(f), a detention hearing may be reopened if the "judicial officer finds that information exists that was not known to the movant at the time of the [detention] hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community."  The only new arguments presented in Defendant's Motion are that: (1) his trial was scheduled for January 19, 2021, but is expected to be (and indeed, has been) rescheduled for May of 2021 as a result of the COVID-19 virus and that his continued detention violates his right to a speedy trial; and (2) due to conditions at Northern Neck Regional Jail in Virginia, the defendant was infected with the COVID-19 virus and was subject to a 10 day quarantine period.  (ECF No. 870 at 1).  The other factual arguments presented by the defendant---that the evidence is not strong, that he has "practically" a clean record, and that there is an available third party custodian (Id. at 1-2) -- were previously considered by the court.

The court has considered the new arguments presented by the defendant and concludes that they do not offer any new or additional facts that have a material bearing on the issue of detention.  The delay in defendant's trial date does not change the court's detention analysis as it relates to consideration of the relevant factors under 18 U.S.C. § 3142  or the court's conclusion that detention was appropriate based on the defendant's danger to the community.  As it relates to defendant's argument that his release is warranted because he had the COVID-19 virus, the defendant notably has not provided any detail as to when he had the virus and, indeed, refers to his symptoms as those he "experienced," clearly indicating that he is no longer sick from the virus or that he is currently in quarantine status.  The fact that the defendant previously had the virus, while very unfortunate, has no bearing on the current detention analysis.   In sum, there was ample reason to order the defendant's detention and the defendant's latest arguments do not warrant

reconsideration of that decision. When the court ordered detention based on the defendant's danger to the community, it was only after consideration of all relevant options. Defendant has not presented any information in his latest motion for release that warrants reconsideration of the Order of Detention in accordance with 18 U.S.C. § 3142(f).

Accordingly, Defendant's Renewed Motion to Set Conditions of Release (ECF No. 870) is denied.

Date:   January 11, 2021              ____/s/_____
                                      Beth P. Gesner
                                      Chief United States Magistrate Judge