IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | Case Nos. 1:19CR00286-002 |
| Plaintiff, | * | Hon. The Honorable Ellen L. Hollander |
| v. | * | |
| DANIEL BLUE    , | * | |
| Defendant. | * | |

### DEFENDANT DANIEL BLUE'S OBJECTIONS TO PRESENTENCE

### INVESTIGATION REPORT

As an initial matter, the Defendant was found guilty by a jury of possession of firearms and ammunition by a prohibited person.  This charge carries a maximum penalty of 10 years of imprisonment and/or $250,000.  The Defendant still denies this charge and is awaiting a motion for new trial on this charge.

I.     **The Defendant Objects to Facts Not Established**

The Government beginning on page 4 at paragraph 6 through 26 gives their version of the trial.  There was not verdict on the conspiracy count or the allegation of a firearm being used in concert with drug trafficking.  Therefore the only factual statement that  should be included in the report pertains to paragraph 24; indicating the search and seizure of said firearms and ammunition at the 1202 Roxboro Road, Rosedale, Maryland, address.  This is the only charge that returned a verdict.  Since the allegations are not relevant,  the Defendant is requesting that paragraphs 6 through 23, paragraph 25,

1

and paragraph 26 be removed from the document.

Likewise, in paragraph 29, it states "the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice. During testimony presented by the defendant, he testified that the firearms in the residence were not his and that they were his mother's or sisters' firearms. The defendant testified that he knew [he] was prohibited from possessing a firearm As the defendant was found guilty by the jury of being in possession of a firearm; the defendant obstructed or impeded the administration of justice in this case."

The logic of this argument completely fails. There was no evidence indicating ownership of the watch by anyone much less any obstruction of justice. First the Defendant never stated who owned   the firearms or ammunition. As indicated during the trial, both the firearms and ammunition were concealed in the residence. The Defendant's testimony was clear. Mr. Blue was not aware of the presence of the firearms nor ammunition. Whether this argument is being made by the writer of the report or the government, it fails since it is illogical. Furthermore, while not adding any points to the criminal history, paragraphs 49 through 46, all indicate criminal contact when the defendant was a juvenile. The Defendant is 39 years of age and these contacts simply should not be included in the  report due to their staleness.   "The staleness...overstate defendant's record." *See U.S. v. Torres-Reyes*, 952 F. 3d 147 (2020).

**II.     The Defendant  Objects to 4 Points Being Added for Specific Offense Characterics Under Paragraph 24 and The Defendant Objects to 2 Points Being Added for Obstruction of Justice.**

First, as it pertains to paragraph 34,.as noted *infra*, facts of the drug conspiracy were not

established, and therefore 4 points cannot be added since the firearm verdict has no connection to narcotics.  Second, as it pertains to paragraph 35, no obstruction was established since the conspiracy was not established at trial via a verdict.  Thus all 6 points cannot be added to the offense level calculation.

## III.    Conclusion

The Defendant asks that this Court make findings and conclusions regarding each of the above arguments made above.

Respectfully submitted,

William R. Buie, III, Esq.
William R. Buie III, P.A.
Federal Bar Number 25588
Attorney for the Defendant
312 North Charles Street, Suite 201
Baltimore, Maryland 21201
(410) 576-7666 (voice)
(410) 576-7885 (facsimile)
williambuie@prodigy.net

## CERTIFICATE OF SERVICE

I certify that on the date reported below I electronically filed Defendant Daniel Blue's Objections to Presentence Calculation of Criminal History and Sentencing Memorandum by using the CM/ECF system. I certify that the following attorney for the opposing party, the United States, is registered an ECF Filer and will be served by the CM/ECF system: LaRai Everett and James Wallner, of the Office of the United States Attorney for District of Maryland. .

3

Dated: 7-16-21

William R. Buie, III, Esq.
Attorney for the Defendant